# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-41144
Summary Calendar

WANDA JEANNE MICHAELS, M.D.,

Plaintiff-Appellant,

versus

JESSE BROWN, ETC., ET AL.,

Defendants,

DEPARTMENT OF VETERANS AFFAIRS, (The VA),

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(G-97-CV-515)

June 2, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Wanda Michaels appeals an adverse summary judgment contending that the district court erred in dismissing her entire action. For the reasons assigned, we affirm.

## BACKGROUND

Michaels is a physician formerly employed by the Department of Veterans Affairs. During that employment, the Department changed the carpeting in her

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

office while she was away on business.  Michaels alleged that because of her acute sensitivity to chemicals, the gases emanating from the new carpeting and adhesive caused her to be sick and to miss five months of work.  She also alleged that she was terminated from her employment because of her inability to continue working without certain accommodations.

Michaels filed a *pro se* complaint against the Department of Veterans Affairs; its Director, Jesse Brown; five employees of the Department, and three vendors who Michaels alleged had supplied the carpeting.  In her complaint, Michaels alleged that the Department of Veterans Affairs had breached its contractual agreement by not providing a healthy and safe work environment, and that as a result she had been injured on the job.  She also advanced negligence, due process, and other unspecified constitutional and civil rights claims.

Because of a lack of complete diversity between Michaels and the defendants, Michaels amended her complaint.  In the amended complaint she named Jesse Brown in his official capacity and two vendors; her substantive claims remained unchanged.  Michaels then retained counsel, who filed a second amended complaint which asserted a failure to warn claim but did not allege or incorporate the previous breach of contract or wrongful termination claims.

The federal defendants[1] moved to dismiss or for summary judgment, contending that Michaels had asserted only a failure to warn claim against the VA and the other defendants, and that her failure to file an administrative claim

---

[1]The non-federal defendants previously were dismissed.

2

required under the Federal Torts Claim Act had rendered her claim time-barred. They further contended that the Federal Employees' Compensation Act precluded Michaels from asserting a tort claim for injuries occurring at the workplace. Michaels did not respond to the motion. The district court dismissed the claims against the federal defendants as time-barred. Michaels timely appealed.

## ANALYSIS

On appeal Michaels does not contest the propriety of the dismissal of her tort claim; rather, she contends that the district court erred in dismissing her breach of contract and wrongful termination claims. She maintains that the district court erred in its grant of summary judgment because the evidence submitted by the defendants was not sufficient to negate these claims. She further contends that the district court improperly granted summary judgment simply because she did not respond to the defendants' motion for summary judgment.

We find no merit in these claims. Michaels' second amended complaint, which was drafted with the benefit of counsel, replaced the breach of contract and wrongful termination claims with a tort-based failure to warn claim. This revision reflects the apparent belief of Michaels and her attorney that there was a greater chance of success on a failure to warn claim.

Finding no error in the judgment appealed, same is AFFIRMED.